UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ISAIAS ADONAY SANTAMARIA, on behalf of himself,
and all other persons similarly situated,

                                               Docket No. 18-CV-07047
                                               (DLI) (ST)

                        Plaintiff,

                -against-

WESTBURY, LLC d/b/a MEDITERRANEAN KEBAB
HOUSE, MEMET ARSLAN and MUSTAFA ALKAN,

                       Defendants.
------------------------------------------------------------------------X

## <u>SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS</u>

This Settlement Agreement and General Release of Claims (hereinafter, "Agreement") is entered into between ISAIAS ADONAY SANTAMARIA ("PLAINTIFF") and WESTBURY, LLC d/b/a MEDITERRANEAN KEBAB HOUSE and MEMET ARSLAN, and said company's successors, predecessors, parent, their related domestic and foreign business entities, corporations, partnerships, and subsidiaries, as well as their respective current and former directors, officers, shareholders, partners, employees, assigns, and successors in interest, representatives, agents, insurers, both in their representative and individual capacities, and said individual's heirs, executors, administrators, successors, assigns, and attorneys (hereinafter WESTBURY, LLC d/b/a MEDITERRANEAN KEBAB HOUSE and MEMET ARSLAN shall be collectively referred to as "DEFENDANTS");

A.     WHEREAS, PLAINTIFF has brought forth an action in the United States District Court, Eastern of New York, Docket No. 18-cv-07047, against DEFENDANTS alleging

-1-

violations under the Fair Labor Standards Act (hereinafter "FLSA") and the New York State Labor Law (hereinafter "NYLL");

  B.  WHEREAS, DEFENDANTS have denied PLAINTIFF'S claims; and

  C.  WHEREAS, PLAINTIFF and DEFENDANTS wish to avoid the uncertainties and expense of future proceedings in this matter and desire to forgo any and all future litigation; and

  D.  WHEREAS, DEFENDANTS are willing to enter into this Agreement with PLAINTIFF and to provide PLAINTIFF with the consideration specified in Paragraph 1, below, in exchange for PLAINTIFF'S promises set forth in this Agreement; and

  E.  WHEREAS, the parties have agreed to voluntarily settle this action in exchange for entering into this Agreement.

Based upon the foregoing promises and the consideration to be provided to PLAINTIFF and the other promises set forth below, DEFENDANTS, intending to be legally bound, agree as follows:

**1.  Consideration to be Provided to PLAINTIFF.**

In consideration for the promises made by PLAINTIFF set forth in this Agreement, DEFENDANTS promise to pay PLAINTIFF the total amount of Forty-Five Thousand Dollars ($45,000.00) over a period of ten (10) months. Payments shall be as follows:

  a)  Defendants shall make the first monthly installment payment within thirty (30) days of Court approval of the settlement of this matter;

  b)  Defendants shall make the second monthly installment within sixty (60) days of Court approval of the settlement of this matter. Each subsequent monthly installment payment shall be made every thirty (30) days thereafter.

c)     The monthly installment payments shall be issued in the following amounts:

| Monthly Installment | Payments to Plaintiff Pursuant to IRS Form W-9 | Payments to Law Office of Peter A. Romero PLLC Pursuant to IRS Form W-9 | Totals |
|:---:|:---:|:---:|:---:|
| 1 | $5,145.48 | $2,854.52 | $8,000.00 |
| 2 | $2,644.21 | $1,466.91 | $4,111,12 |
| 3 | $2,644.20 | $1,466.91 | $4,111,11 |
| 4 | $2,644.20 | $1,466.91 | $4,111,11 |
| 5 | $2,644.20 | $1,466.91 | $4,111,11 |
| 6 | $2,644.20 | $1,466.91 | $4,111,11 |
| 7 | $2,644.21 | $1,466.90 | $4,111,11 |
| 8 | $2,644.21 | $1,466.90 | $4,111,11 |
| 9 | $2,644.21 | $1,466.90 | $4,111,11 |
| 10 | $2,644.21 | $1,466.90 | $4,111,11 |
| **Totals** | $28,943.33 | $16,056.67 | $45,000.00 |

d)     Payments made to the Plaintiff, in the total amount of Twenty-Eight Thousand Nine Hundred Forty-Three Dollars and Thirty-Three Cents ($28,943.33), shall be made without any withholdings or deductions.  Defendants shall issue Plaintiff an IRS Form W-9 for all such payments.

e)     Payments made to the Law Office of Peter A. Romero PLLC shall be made without any withholdings or deductions.  Payments to the Law Office of Peter A. Romero PLLC in the total amount of Sixteen Thousand Fifty-Six Dollars and Sixty-Seven Cents ($16,056.67) represent attorneys' fees in the amount of Fourteen Thousand Four Hundred Seventy-One Dollars and Sixty-Seven Cents ($14,471.67) and costs in the amount of One Thousand Five Hundred Eighty-Five

-3-

Dollars ($1,585.00).  Defendants shall issue the Law Office of Peter A. Romero PLLC and Plaintiff an IRS Form W-9 for all such payments.

f)      Payments made to the Plaintiff and the Law Office of Peter A. Romero PLLC shall be mailed to Law Office of Peter A. Romero PLLC, 825 Veterans Highway, Suite B, Hauppauge, New York 11788.

PLAINTIFF further agrees that he will be individually responsible for any employee taxes due on the payments and agrees to indemnify and hold harmless DEFENDANTS for any such liability relating to employee taxes with respect to those payments.  Further, PLAINTIFF agrees to furnish DEFENDANTS with an IRS Form W-9.

**2.      Confessions of Judgment**

If there is a default in making the payments herein, PLAINTIFF or his counsel, will give DEFENDANTS written notice of said default by sending a notice of default by email to DEFENDANTS' attorney, Mr. Daniel F. Carrascal, Esq., at dcarrascal@franklingringer.com. DEFENDANTS will have ten (10) days from receipt of such notice to cure the default.  If DEFENDANTS do not cure the default within ten (10) days of the notice, PLAINTIFF and his Counsel shall have the right to file the affidavits of Confession of Judgment by each Defendant in the amount of Sixty-Seven Thousand Five Hundred Dollars ($67,500.00), less any monies paid by DEFENDANTS at the time of default as set forth in the Confessions of Judgment annexed hereto as Exhibits B and C.  Defendants shall provide originals of the Confessions of Judgment, in the forms annexed hereto as Exhibit B and C, at the time of their signature of this Agreement.  The presiding Court or the Supreme Court of the State of New York shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of

-4-

Plaintiff and his counsel.

### 3.    Adequate Consideration.

PLAINTIFF expressly stipulates that the consideration referred to in Paragraph 1 constitutes adequate and ample consideration for the rights and claims he is waiving under this Agreement and for the obligations imposed upon him by virtue of this Agreement.  PLAINTIFF expressly agrees and acknowledges that DEFENDANTS have promised to pay the consideration referred to in Paragraph 1 of this Agreement in exchange for the releases, waivers, and promises made by PLAINTIFF in this Agreement.

### 4.    Release of Claims by PLAINTIFF.

PLAINTIFF voluntarily and irrevocably releases and forever discharges DEFENDANTS from and against any and all claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever (all collectively referred to herein as the "disputes") with respect to any alleged acts occurring before the effective date of this Agreement as it relates to any claims made by the PLAINTIFF that he was not paid overtime and/or other wages in connection with his employment, in violation of the FLSA and NYLL, including claims for overtime, minimum wage, spread of hours, and failure to provide wage notices and wage statements.  The disputes released by PLAINTIFF include, but are not limited to, any and all disputes against DEFENDANTS concerning PLAINTIFF'S employment with or arising from his employment with DEFENDANTS pursuant to the FLSA and NYLL which are set forth in the Complaint filed in this action on or about December 11, 2018 and the PLAINTIFF understands that he is releasing any and all claims alleged against DEFENDANTS pursuant to the FLSA and NYLL set forth in his Complaint, including claims for overtime, minimum wage, spread of hours, and

failure to provide wage notices and wage statements.  At the time of signature of this Agreement, PLAINTIFF'S COUNSEL will execute a Stipulation of Discontinuance with prejudice in the form set forth in Exhibit A, which PLAINTIFF'S attorney will forward to DEFENDANTS' counsel for the purposes of filing with the United States District Court, Eastern District of New York.

> **5.    Affirmations By PLAINTIFF.**

> a. PLAINTIFF agrees that with respect to the claims he is waiving, he is  waiving not only his right to recover money or other relief in any action that he might institute, individually or collectively, but also that in the event a future claim is brought on his behalf individually or jointly, by any other person or entity, before the United States Department of Labor ("USDOL"), the New York State Department of Labor ("NYSDOL"), or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court as it relates to the claims released by the PLAINTIFFS in Paragraph 4 herein, he is waiving his right to recover money or other relief in such action.  Except that PLAINTIFF explicitly does not release or waive his right to collect the settlement proceeds obtained in a separate matter by the USDOL, believed to be in the sum of Seven Thousand Two-Hundred and Sixty-Five Dollars ($7,265.00), which is currently being held by the USDOL on behalf of PLAINTIFF.

> b.   As a result of this settlement, PLAINTIFF admits and affirms that he: (i) has had an opportunity to consult his attorney about whether this settlement is reasonable and fully satisfies his claims against DEFENDANTS; (ii)  has no other outstanding lawsuits or known claims against DEFENDANTS, other than the action brought in the United States District Court, Eastern District of New York (Docket No. 18-cv-07047), and (iii)  this Agreement has been

entered into after a mediation was held between all parties on May 6, 2019 during which time the parties had an opportunity to hear each side's arguments, and the terms of this settlement were agreed to and negotiated during such mediation, with the assistance of mediator Raymond Nardo, Esq.

        c.      PLAINTIFF affirms his understanding that the statute of limitations for any claim he might possess, including under any of the statutes referenced in Paragraph 4, is not tolled by the signing of this Agreement or the negotiations leading up to the formation of this Agreement.

        d.      PLAINTIFF has entered into this Agreement under his own free will and volition upon consultation with his attorney.

**6.      No Admission of Liability or Wrongdoing.**

PLAINTIFF agrees that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by DEFENDANTS. DEFENDANTS deny that they engaged in any wrongdoing of any kind with respect to PLAINTIFF.

**7.      Breach.**

In the event of a dispute as to the interpretation, application, or violation of this Agreement, including any breach of the Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, Eastern District of New York. The United States District Court, Eastern District of New York and the presiding judge shall retain jurisdiction for purposes of enforcing the parties' Settlement Agreement. The parties agree that any such dispute shall be resolved by a judge, not by a jury. Neither party shall be entitled to an

award of compensatory, exemplary, or punitive damages in any dispute that might arise under this Agreement. The prevailing party shall be entitled to attorneys' fees and costs relating to such enforcement proceedings. The prevailing party shall also be entitled to attorneys' fees and costs relating to time spent on the preparation and submission of any motion or application for attorneys' fees and costs.

**8.   Advice of Counsel.**

All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. PLAINTIFF hereby represents that he has consulted his attorney(s) about this Agreement before signing it.

**9.   Severability.**

Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

**10.   Governing Law and Interpretation.**

This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

**11.   Effective Date.**

PLAINTIFF acknowledges that he has been provided with a reasonable period of time

-8-

within which to consider this settlement and to decide whether to execute this Agreement, and that he has been given the opportunity and, in fact, has consulted with an attorney. The effective date of this Agreement is the date on which PLAINTIFF signs this Agreement.

**12.    Entire Agreement.**

All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement. All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both PLAINTIFF and representatives of DEFENDANTS.

PLAINTIFF states that his attorneys' fees and expenses are paid, as described in Paragraph 1 above, and there will be no further or separate claim for attorneys' fees or expenses.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND**

RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH ONE ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS PURSUANT TO PARAGRAPH 4 OF THIS AGREEMENT. THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

THIS IS A LEGAL DOCUMENT— READ CAREFULLY BEFORE SIGNING.

**ISAÍAS ADONAY SANTAMARIA**

Date: 6 / 6 / 2019

Sworn to and subscribed before me this
6th day of June , 2019.

Notary Public, State of New York

Print Name: Angelica Villalba

ANGELICA VILLALBA
Notary Public, State of New York
No. 01VI6310014
Qualified in Nassau County
Commission Expires August 18, 2022

-10-

_____

**WESTBURY, LLC d/b/a MEDITERRANEAN
KEBAB HOUSE**

By: Memet Arslan

Date: 06-06 19

Sworn to and subscribed before me this
_6_ day of _JUNE_____, 2019.

DANIEL FRANK CARRASCAL
NOTARY PUBLIC, State of New York
No. 02CA6372148
Qualified in Nassau County
Commission Expires March 19, 2022

Notary Public, State of New York

Print Name: _DANIEL CARRASCAL_

_____

**MEMET ARSLAN**

Date: 06.06-19

Sworn to and subscribed before me this
_6_ day of _JUNE_____, 2019.

DANIEL FRANK CARRASCAL
NOTARY PUBLIC, State of New York
No. 02CA6372148
Qualified in Nassau County
Commission Expires March 19, 2022

Notary Public, State of New York

Print Name: _DANIEL CARRASCAL_

-11-

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ISAIAS ADONAY SANTAMARIA, on behalf of himself,
and all other persons similarly situated,

                                                      Docket No. 18-CV-07047
                                                      (DLI) (ST)

                         Plaintiff,

                 -against-

WESTBURY, LLC d/b/a MEDITERRANEAN KEBAB
HOUSE, MEMET ARSLAN and MUSTAFA ALKAN,

                      Defendants.
------------------------------------------------------------------------X

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

      IT IS HEREBY STIPULATED that, subject to the approval of the parties' settlement agreement and signature and entry of this stipulation by the Court, this action has been discontinued and is hereby dismissed with prejudice, without costs to any party against any other.  This Stipulation may be filed with the Court without further notice to any party.  This Court shall retain jurisdiction to enforce the parties' Settlement Agreement.

[THIS SPACE LEFT BLANK INTENTIONALLY]

-13-

A facsimile or PDF copy of this stipulation shall be treated with the same force and effect as an original copy of this stipulation.

Dated: Brooklyn, New York

June 17 , 2019

For the Plaintiffs:

**LAW OFFICE OF PETER A. ROMERO PLLC**

By: _____
David Barnhorn, Esq.
Peter A. Romero, Esq
Attorneys for Plaintiff
825 Veterans Highway, Suite B
Hauppauge, New York 11788

For the Defendants:

**FRANKLIN GRINGER & COHEN, P.C.**

By: _____
Daniel F. Carrascal, Esq.
Attorneys for Defendants
666 Old Country Road, Suite 202
Garden City, New York 11530

So Ordered

_____
Hon. Dora L. Irizarry

-14-

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ISAIAS ADONAY SANTAMARIA, on behalf of himself,
and all other persons similarly situated,

                                  Plaintiff,                           Docket No. 18-CV-07047
                                                                (DLI) (ST)

                    -against-

WESTBURY, LLC d/b/a MEDITERRANEAN KEBAB
HOUSE, MEMET ARSLAN and MUSTAFA ALKAN,

                              Defendants.
-------------------------------------------------------------------X

## **AFFIDAVIT FOR JUDGMENT BY CONFESSION**

STATE OF NEW YORK    )
                          )ss:
COUNTY OF *NASSAU*   )

      WESTBURY, LLC d/b/a MEDITERRANEAN KEBAB HOUSE, through its owner and

President, MEMET ARSLAN, being duly sworn, deposes and says:

      1.      WESTBURY, LLC d/b/a MEDITERRANEAN KEBAB HOUSE (hereinafter

"WESTBURY LLC") resides at and has its principal place of business at 190 Post Ave,

Westbury, NY 11590.

      2.      WESTBURY, LLC is a signatory to and bound by a Settlement Agreement

entitled Settlement Agreement and Release of Claims, dated as of June _6_, 2019 ("Settlement

Agreement") which, by its terms, authorizes the entry of Judgment by Confession.

      3.      WESTBURY, LLC, and any future successors in interest, jointly and severally,

hereby confesses judgment in favor of ISAIAS ADONAY SANTAMARIA ("Plaintiff"); and,

attorney for the Plaintiff, Peter A. Romero, Esq. (as principal of the Law Office of Peter A.

Romero PLLC) ("Romero"), for the total gross sum of Sixty-Seven Thousand Five Hundred Dollars ($67,500.00), less any sums previously paid, and hereby authorizes the Plaintiff, and Romero, or their heirs, executors, administrators, or assigns to enter judgment for that gross sum, against WESTBURY, LLC.

      4.     This Confession of Judgment is for a debt justly due to Plaintiff and Romero arising out of the following facts.

              a.     Plaintiff initiated an action in the United States District Court, Eastern District of New York, Docket No.: 18-CV-07047 (DLI) (ST), alleging violations under the Fair Labor Standards Act and the New York State Labor Law (hereinafter the "Federal Action");

              b.     By the terms of the Settlement Agreement, Defendants WESTBURY, LLC d/b/a MEDITERRANEAN KEBAB HOUSE and MEMET ARSLAN, jointly and severally, promise to pay Plaintiffs and Romero the total gross sum of Sixty-Seven Thousand Five Hundred Dollars ($67,500.00).

              c.     WESTBURY, LLC and any successor in interest is jointly and severally liable for all payments due to the Plaintiff (in the Federal Action) and his attorney, Romero, as hereinabove provided.

      5.     This Affidavit for Judgment by Confession shall be held in escrow by Plaintiff's attorney, Romero, and not entered unless and until a default has occurred hereunder, and ten (10) days' written notice in the event of a default to Mr. Daniel F. Carrascal, Esq., via email at dcarrascal@franklingringer.com, has been given, as required by the Settlement Agreement, and such default having not been cured.

-17-

6.    WESTBURY, LLC understands that a failure to make any required payment will result in a default and if the default is not cured within ten (10) days' written notice, as described above, that this confession of judgment will be entered in the clerk's office.

7.    Upon payment in full of all sums due to Plaintiff and Romero, the judgment to be entered herein shall be satisfied as of record, and this Affidavit of Judgment by Confession shall be null and void.

8.    This Confession of Judgment is not for the purpose of securing the Plaintiff against a contingent liability.

WESTBURY, LLC d/b/a
MEDITERRANEAN KEBAB HOUSE

By:

MEMET ARSLAN, as owner and President
of WESTBURY, LLC d/b/a
MEDITERRANEAN KEBAB HOUSE.
Dated: June 6 , 2019

On JUNE 6 , 2019, before me personally came MEMET ARSLAN, on behalf of WESTBURY, LLC d/b/a MEDITERRANEAN KEBAB HOUSE, known to me to be the individual described herein, and who executed the foregoing Affidavit for Confession by Judgment, and duly acknowledged to me that he executed same.

Notary Public

DANIEL FRANK CARRASCAL
NOTARY PUBLIC, State of New York
No. 02CA6372148
Qualified in Nassau County
Commission Expires March 19, 2022

-18-

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ISAIAS ADONAY SANTAMARIA, on behalf of himself,
and all other persons similarly situated,

                              Plaintiff,                          Docket No. 18-CV-07047
                                                                       (DLI) (ST)

                -against-

WESTBURY, LLC d/b/a MEDITERRANEAN KEBAB
HOUSE, MEMET ARSLAN and MUSTAFA ALKAN,

                             Defendants.
-----------------------------------------------------------------------X

## AFFIDAVIT FOR JUDGMENT BY CONFESSION

STATE OF NEW YORK    )
                           )ss:
COUNTY OF _NASSAU_   )

        MEMET ARSLAN, being duly sworn, deposes and says:

        1.      I reside at _190 POST AVE WESTBURY, NY_ County of _NASSAU_, State of New York _____.

        2.      I am a signatory to and bound by a Settlement Agreement entitled Settlement Agreement and Release of Claims, dated as of June _6_, 2019 ("Settlement Agreement") which, by its terms, authorizes the entry of Judgment by Confession.

        3.      I, jointly and severally, hereby confess judgment in favor of ISAIAS ADONAY SANTAMARIA ( "Plaintiff"); and, attorney for the Plaintiff, Peter A. Romero, Esq. (as principal of the Law Office of Peter A. Romero PLLC) ("Romero"), for the total gross sum of Sixty-Seven Thousand Five Hundred Dollars ($67,500.00) less any sums previously paid, and hereby

authorizes the Plaintiff, and Romero, or their heirs, executors, administrators, or assigns to enter judgment for that gross sum, against me.

4.    This Confession of Judgment is for a debt justly due to Plaintiff and Romero arising out of the following facts.

a.    Plaintiff initiated an action in the United States District Court, Eastern District of New York, Docket No.: 18-CV-07047 (DLI) (ST), alleging violations under the Fair Labor Standards Act and the New York State Labor Law (hereinafter the "Federal Action");

b.    By the terms of the Settlement Agreement, Defendants WESTBURY, LLC d/b/a MEDITERRANEAN KEBAB HOUSE and MEMET ARSLAN, jointly and severally, promise to pay Plaintiffs and Romero the total gross sum of Sixty-Seven Thousand Five Hundred Dollars ($67,500.00).

c.    I am jointly and severally liable for all payments due to the Plaintiff (in the Federal Action) and their attorney, Romero, as hereinabove provided.

5.    This Affidavit for Judgment by Confession shall be held in escrow by Plaintiff's attorney, Romero, and not entered unless and until a default has occurred hereunder, and ten (10) days' written notice in the event of a default to Mr. Daniel F. Carrascal, Esq., via email at dcarrascal@franklingringer.com, has been given, as required by the Settlement Agreement, and such default having not been cured.

6.    I understand that a failure to make any required payment will result in a default and if the default is not cured within ten (10) days' written notice, as described above, that this confession of judgment will be entered in the clerk's office.

-21-

7.     Upon payment in full of all sums due to Plaintiff and Romero, the judgment to be entered herein shall be satisfied as of record, and this Affidavit of Judgment by Confession shall be null and void.

8.     This Confession of Judgment is not for the purpose of securing the Plaintiff against a contingent liability.

By: _____

MEMET ARSLAN

Dated: June 6, 2019

On JUNE 6, 2019, before me personally came MEMET ARSLAN, known to me to be the individual described herein, and who executed the foregoing Affidavit for Confession by Judgment, and duly acknowledged to me that he executed same.

_____

Notary Public

DANIEL FRANK CARRASCAL
NOTARY PUBLIC, State of New York
No. 02CA6372148
Qualified in Nassau County
Commission Expires March 19, 2022

-22-